The place was not lighted up before he was hurt. There was only a little old lamp sitting away back on the opposite side of the machine from the gearing. The reason he continued to work when it was so dark was, he was thinking surely they would light up directly; he just kept looking for the electric lights to be turned on. They were fixed purposely to throw light on the machine on that side. Another witness testified, that there was a cap for that machine, but he did not know whether it was off or on; there was nothing to hinder one from seeing those cogs if the box was off; one could see the cogs if he looked for them; if he found out at all how the machinery ran, he would know they were already there. Witness supposed the cap was to keep the cake from getting between the cogs, and to keep men out of danger, though they should see it. If a man did not know it was there and was not looking for it, and ran into it in the dark, that would be another thing, etc. There was other testimony which need not be detailed, the foregoing recital sufficiently showing the nature of the case.

Westmoreland & Austin and J. E. Warren, for plaintiff. Abbott & Smith, for defendant.

---

## Brunner v. Black.

Taking the evidence all together, it is manifest that the injury to the plaintiff below resulted from a defect in the elevator for which the owner was responsible, and that it was not incumbent on the plaintiff to notice the defect and to anticipate such a casualty as that which occurred. This being so, and the amount of the recovery being very small, it is not cause for a new trial that the court improperly charged the jury on the subject of rules for working the elevator and on the duty of the owner to prescribe rules or give proper orders for that purpose. There was no error in denying the requests for instructions, and the newly discovered evidence, so far as material, might have become known by the use

v 92-32

of due diligence before the trial. The court did not err in overruling the motion for a new trial.        *Judgment affirmed.*

May 22, 1893.

Action for damages.   Before Judge WESTMORELAND. City court of Atlanta.   June term, 1892.

The suit was for injuries received by the plaintiff while in the employment of defendant, because of the negligent leaving of a hole in the floor of an elevator, and improper management in running the same.   The evidence was conflicting.   It appeared for the plaintiff, that he was injured on the day his employment commenced.   Upon the order of Patten, another employee under whose direction he was working, he got upon the elevator with a truck load of flour in sacks, to be lowered to the ground floor of the building.   One Nix lowered the elevator, and it went some inches below the ground floor.   The floor of the elevator was greasy, and there was a hole in it about two inches wide, of which hole plaintiff was not aware.   Into the hole the wheel of the truck slipped as plaintiff, by order of Patten, was endeavoring to pull the truck upon the floor, and the truck fell upon him and knocked him backwards, and his foot was caught between the floor and elevator and injured.   He lost ten weeks from work, and had since been able to do but little, etc.   He obtained a verdict for $50.   Defendant's motion for a new trial was overruled, and he excepted.   The grounds of the motion were, that the verdict was contrary to law and evidence; that the court erred in charging the jury that "it was the duty of the defendant, if the running of the elevator was complicated, to have furnished or established rules for the working of the same"; and that the court refused a request to charge, that if the plaintiff saw the hole or could have seen it, he could not recover because the truck wheel got into it, and if he was specially warned to stand still, and disobeyed the warning, and

by reason of want of attention his foot was caught, he could not recover. There was also a ground of newly discovered evidence, but it is not material here.

HAYGOOD, LOVETT & PLYER, for plaintiff in error.
THOMAS W. LATHAM, *contra.*

---

CASTLEBERRY, administrator, *v.* JOHNSTON.

| 92 | 499 |
|----|-----|
| 94 | 668 |
| 92 | 499 |
| 97 | 460 |
| 92 | 499 |
| 98 | 511 |
| 92 | 499 |
| 119 | 38 |
| 92 | 499 |
| 124 | 894 |
| 92 | 499 |
| 126 | 274 |

According to the ruling of this court in *Lombard* v. *The Trustees, &c.,* 73 *Ga.* 322, the lien of a material man for lumber furnished upon the employment of a contractor, could not be foreclosed by a direct suit against the owner of the premises, without previously or concurrently suing the contractor to whom the lumber was furnished. Applying this ruling to the present case, the court was right in sustaining the demurrer to the declaration. If the contractor absconded and left this State, so that he could not be sued and served in the usual manner, the material man might foreclose his lien by resorting to equitable proceedings against the owner and the contractor jointly, serving the latter by publication. There would seem to be no obstacle to reaching a like result by attachment against the contractor and garnishment of the owner as a basis for a separate suit to foreclose the lien.

May 22, 1893.                                         *Judgment affirmed.*

Petition to foreclose lien. Before Judge WESTMORE-LAND. City court of Atlanta. September term, 1892.

The administrator of M. T. Castleberry alleged by his petition: As such administrator he is a material man and as such claims a material man's lien against Johnston, and against certain described real estate of Johnston, for $65, the price and value of 10,000 brick sold and delivered by petitioner as administrator to Letchworth as contractor, who was building or improving a house for Johnston on the real estate mentioned, on August 11, 1890, and of which sale and delivery petitioner gave written notice to Johnston, in compliance with the law and for the purpose of binding him and the real estate for the cost of the brick. Johnston has not paid for the brick and had not settled with Letchworth when